UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01-CR-33 |
| | ) | No. 2:04-CR-38 |
| | ) | |
| ROGER D. GUNTER | ) | |

## REPORT AND RECOMMENDATION

The United States issued a subpoena to the Tennessee Valley Authority Employees Credit Union for financial records regarding Roger Gunter. Sonya Grooms has filed a motion to quash that subpoena.[1] The district judge has directed this magistrate judge to consider and determine that motion to quash. Since the issue arises out of post-trial matters, a report and recommendation is the appropriate vehicle, 28 U.S.C. § 636 and F.R.Civ.P. 72.

By virtue of his convictions in each of these cases, Roger Gunter was ordered to pay total restitution in excess of $100,000.00. In its efforts to collect the court-ordered restitution, the United States issued a subpoena to the Tennessee Valley Authority Employees Credit Union, asking that the United States be provided copies of any documents regarding account financial records concerning Roger D. Gunter. Insofar as that subpoena is concerned, it clearly was appropriate pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et. seq.*, as well as the

---

[1] Doc. 78, Case No. 2:01-CR-33; Doc. 52, Case No. 2:04-CR-38.

applicable Federal Rules of Civil Procedure.

To the extent Sonya Grooms' name may have been on all or some of the subpoenaed records does not entitle Ms. Grooms to quash that subpoena; if Roger Gunter's name is on the records, then they may be subpoenaed irrespective of any other individual's name on those records.

Moreover, Ms. Grooms' affidavit which she filed in support of her motion to quash recites only that she and Mr. Gunter "signed a prenuptial agreement," and she is not responsible for his prior debts. Her affidavit also states that she is "the primary holder" on one particular account apparently involving a 2005 Chevrolet truck that she uses to commute to work.

Again, although the prenuptial agreement and the title to the truck may be an issue if the truck is actually attached and seized in execution of the judgment against Gunter, there is no basis to quash the subpoena.

Ms. Grooms states no valid basis to quash any subpoenas for financial records upon which Mr. Roger Gunter's name appears, from which it follows that her motion to quash in each of these cases should be denied.[2]

Respectfully submitted,

      s/ Dennis H. Inman
      United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).